**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
DENVER DIVISION**

| | |
|---|---|
| **MICHAEL PEREZ,** individually and on behalf of others similarly situated,<br><br>　　　　Plaintiff,<br>vs.<br><br>**GERRARD EXCAVATING, INC.**,<br><br>　　　　Defendant. | Civil Case No.: |

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff **Michael Perez**, individually and on behalf of all others similarly situated, by and through his attorneys, **JTB Law Group LLC**, hereby brings this Collective and Class Action Complaint against Defendant **Gerrard Excavating, Inc.**, alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1.　Plaintiff brings this action for himself and all other similarly situated collective members to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq*.

2.　Plaintiff also brings this action for himself and all other similarly situated Rule 23 class members to recover unpaid overtime wages, penalties, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Colorado Wage Act, C.R.S. § 8-4-101, *et seq*. ("CWA") and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO").

3.　Defendant is "one of the largest infrastructure/site development contractors in the northern region" of Colorado providing site development, excavation, road construction and

pipeline services[1].

4. Plaintiff and the putative FLSA collective and Rule 23 class members were employed by Defendant as hourly-paid Heavy Equipment Operators to perform work at various job sites.

5. Defendant required the Heavy Equipment Operators, on a daily basis, to perform pre-shift work-related activities, including, but not limited to, checking and warming up the machine and equipment, so it would be ready for use at the beginning of their shifts.

6. Defendant and its management, however, prevented the Heavy Equipment Operators from reporting time they spent on such pre-shift work-related activities.

7. Defendant and its management had knowledge that such pre-shift work-related activities were performed by the Heavy Equipment Operators per workday.

8. As a result of Defendant's common unlawful policies, the Heavy Equipment Operators were not properly compensated overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek, in violation of the FLSA, CWA and CMWO.

9. Specifically, the Heavy Equipment Operators were not paid anything for their pre-shift time.

10. This pre-shift work without pay is commonly referred to as an off the clock violation.

11. Plaintiff asserts the FLSA claims on behalf of a putative FLSA collective, defined as:

> *All Heavy Equipment Operators employed by Defendant at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

---

[1] *See* Defendant's website: https://www.gerrardexcavating.com/ (last accessed June 4, 2018).

12. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid Heavy Equipment Operators of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

13. Plaintiff asserts the CWA and CMWO claims on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

> *All Heavy Equipment Operators employed by Defendant in the State of Colorado at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

14. Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

15. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

16. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

17. The Court has personal jurisdiction over Defendant because it is incorporated and maintains a principal place of business in the State of Colorado.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (3) because Defendant employed Plaintiff in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

19. Defendant Gerrard Excavating, Inc. is a for-profit entity created and existing under

and by virtue of the laws of the State of Colorado.

20. According to the Colorado Secretary of State website, Defendant maintains a principal office at 27154 County Road 13, Johnstown, CO 80534.

21. Plaintiff Michael Perez ("Perez") is a resident of the County of Weld and State of Colorado.

22. Perez was employed by Defendant as an hourly-paid Heavy Equipment Operator from approximately February 2016 to April 2018.

23. Throughout his employment with Defendant, Perez was assigned to work at various residential and commercial job sites with periods of each job site lasted anywhere from several weeks to several months.

24. Perez's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

25. Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

26. Defendant has generated over $500,000.00 in revenue per year.

27. Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

28. Defendant was the "employer" of Plaintiff and the other Heavy Equipment Operators within the meaning of 29 U.S.C. § 203(d) of the FLSA and C.R.S. § 8-4-101(6) of the CWA.

29. Plaintiff and the other Heavy Equipment Operators were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) and § 8-4-101(5) of the CWA.

4

30. Defendant "suffered or permitted" Plaintiff and the other Heavy Equipment Operators to work and thus "employed" them within the meaning of 29 U.S.C. §203(g) of the FLSA.

31. Defendant, directly or indirectly, hired Plaintiff and the other Heavy Equipment Operators and determined the rate and method of the payment of their wages.

32. Defendant controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of the Heavy Equipment Operators.

33. The position of Heavy Equipment Operator has been classified as non-exempt.

34. The Heavy Equipment Operators performed primary job duties that do not fall within any exemptions from overtime under the FLSA, CWA and CMWO.

35. Plaintiff regularly worked 5 days a week and on some occasions 6 days a week.

36. Plaintiff's final hourly rate was $19.00 before he was separated from the company.

37. Plaintiff's work schedule was 7 a.m. to 5:30 p.m. including an unpaid 30-minute lunch break.

38. The Heavy Equipment Operators regularly worked more than forty (40) hours per workweek.

39. Defendant required the Heavy Equipment Operators to arrive at job sites prior to the beginning of their shifts and perform pre-shift work-related activities including, but not limited to, checking and warming up the machine and equipment, so it would be ready for use at the beginning of the shifts.

40. However, Defendant and its management prevented the Heavy Equipment Operators from reporting time they spent on such pre-shift work-related activities.

41. Defendant and its management had knowledge that such pre-shift work-related activities were performed by the Heavy Equipment Operators.

42. Plaintiff regularly arrived at the job sites at around 6:30 a.m. to start perform the required pre-shift work-related activities.

43. Plaintiff was not allowed to report time he spent working pre-shift activities between 6:30 a.m. and 7 a.m.

44. There were occasions where Plaintiff filled out or at least attempted to fill out his true beginning time as before 7a.m. but his supervisor and/or foreman instructed him to fill out he started at 7 a.m. instead.

45. Defendant failed to properly keep complete and accurate time records of the work hours performed by Plaintiff and other similarly situated Heavy Equipment Operators each workday, in violation of 29 CFR Part 516 and 7 CCR 1103-1.

46. While Defendant paid Plaintiff some overtime for time spent working within his shift, Defendant failed to pay Plaintiff overtime for time spent performing pre-shift work-related activities.

47. As a result of Defendant's common unlawful policies, the Heavy Equipment Operators were not properly compensated overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek, in violation of the FLSA, CWA and CMWO.

48. For example, during the pay period of 4/15/18 to 4/21/18, Perez worked over forty (40) hours including time he spent performing pre-shift work-related activities during but the paystub shows he was paid only for 40 hours of work without overtime pay.

49. The Heavy Equipment Operators have been subjected to the common pay and

time-recording policies and practices of Defendant as stated herein that violated the FLSA, CWA and CMWO.

50. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

51. Defendant's violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff re-alleges and incorporates all previous paragraphs herein.

53. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid Heavy Equipment Operators who have been affected by Defendant's common policies and practices which include failure to properly pay for all hours worked – time spent performing pre-shift work-related activities – resulting in deprivation of overtime, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

54. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All Heavy Equipment Operators employed by Defendant at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

55. Plaintiff brings this collective action against Defendant to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29

7

U.S.C. § 216(b).

56. The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

57. Plaintiff seeks to send Notice to all hourly-paid Heavy Equipment Operators of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

58. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they had the same job position and performed the same or similar job duties as one another on behalf of Defendant; (b) they were subject to the same or similar unlawful practices and policies as stated herein; and (c) their claims are based upon the same factual and legal theories.

59. The employment relationships between Defendant and every collective member are the same and differ only by name, location, and rate of pay. The key issue – the amount of uncompensated off-the-clock time owed to each Heavy Equipment Operator – does not vary substantially among the collective members.

60. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

61. Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

62. Plaintiff re-alleges and incorporates all previous paragraphs herein.

63. Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, for an on behalf all hourly-paid Heavy Equipment Operator who have been affected by Defendant's common policies and practices which include failure to properly pay for all hours worked – time spent performing pre-shift work-related activities – resulting in deprivation of overtime, in violation of the Colorado Wage Act, C.R.S. § 8-4-101, *et seq*. ("CWA") and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO").

64. Plaintiff brings this Rule 23 class action on behalf of:

> *All Heavy Equipment Operators employed by Defendant in the State of Colorado at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

65. Plaintiff brings this Rule 23 class action against Defendant to recover unpaid overtime wages, penalties, and reasonable attorneys' fees and costs pursuant to Colorado Wage Act, C.R.S. § 8-4-101, *et seq*. ("CWA") and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO").

66. The Rule 23 class action further alleges a willful violation of the CWA and CMWO and seeks an additional, third year of limitations.

67. The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. Plaintiffs reasonably estimates that there are at least fifty (50) class members in the State of Colorado. The Rule 23 class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

68. There is a well-defined community of interest among the Rule 23 class

members and common questions of law and fact predominate in this action over any questions affecting each individual class member. These common legal and factual questions, include, but are not limited to, the following:

    a. Whether the Rule 23 class members were properly compensated for all work hours including time spent performing pre-shift work-related activities;

    b. Whether the Rule 23 class members worked more than forty (40) hours in any single workweek; and

    c. Whether the Rule 23 class members were properly compensated overtime wages at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

69. Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime wages. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

70. Plaintiff was employed by Defendant in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay proper overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

71. Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide

wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

72. Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

73. Plaintiff and the Rule 23 class members demand a trial by jury.

COUNT I
**(29 U.S.C. § 216(b) Individual Claim)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY OVERTIME WAGES**

74. Plaintiff re-alleges and incorporates all previous paragraphs herein.

75. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

76. Plaintiff regularly worked more than forty (40) hours per workweek.

77. Defendant failed to properly compensate Plaintiff for all hours worked including time spent performing pre-shift work-related activities as alleged herein.

78. Defendant failed to pay properly pay Plaintiff overtime wages at a rate not less than one and one-half (1.5) times his regular rate of pay for all hours he worked in excess of forty (40) per workweek.

79. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

80. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

81. As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

### COUNT II
### (29 U.S.C. § 216(b) Collective Action Claim)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME WAGES

82. Plaintiff re-alleges and incorporates all previous paragraphs herein.

83. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

84. Plaintiff and the FLSA collective members regularly worked more than forty (40) hours per workweek.

85. Defendant failed to properly compensate Plaintiff and the FLSA collective members for all hours worked including time spent performing pre-shift work-related activities as alleged herein.

86. Defendant failed to properly pay Plaintiff and the FLSA collective members

overtime wages at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

87. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

88. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

89. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT III
### (CWA, C.R.S. § 8-4-101, *et seq.* and CMWO, 7 C.C.R. § 1103-1, Individual Claims)
### FAILURE TO PAY OVERTIME WAGES

90. Plaintiff re-alleges and incorporates all previous paragraphs herein.

91. Plaintiff regularly worked more than forty (40) hours per workweek.

92. Defendant failed to properly compensate Plaintiff for all hours worked including time spent performing pre-shift work-related activities as alleged herein.

93. Defendant failed to properly pay Plaintiff overtime wages at a rate of not less than one and one-half (1.5) times his regular rate of pay for all hours he worked in excess of forty (40) per workweek.

94. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

95. Because Defendant willfully violated the CWA and CMWO, a three (3) year

statute of limitations shall apply to such violation pursuant to C.R.S. § 8-4-122.

96. As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, penalties, reasonable attorneys' fees, costs and other compensation pursuant to CWA and CWMO.

## COUNT IV
### (Fed R. Civ. P. 23 Class Action Claims)
### Violations of CWA, C.R.S. § 8-4-101, *et seq.* and CMWO, 7 C.C.R. § 1103-1
### FAILURE TO PAY OVERTIME WAGES

97. Plaintiff re-alleges and incorporates all previous paragraphs herein.

98. Plaintiff and the Rule 23 class members regularly worked more than forty (40) hours per workweek.

99. Defendant failed to properly compensate Plaintiff and the Rule 23 class members for all hours worked including time spent performing pre-shift work-related activities as alleged herein.

100. Defendant failed to properly pay Plaintiff and the Rule 23 class members overtime wages at a rate of not less than one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

101. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

102. Because Defendant willfully violated the CWA and CMWO, a three (3) year statute of limitations shall apply to such violation pursuant to C.R.S. § 8-4-122.

103. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members and were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total

14

unpaid amounts, penalties, reasonable attorneys' fees, costs and other compensation pursuant to CWA and CWMO.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully request that this Court grant the following relief against Defendant:

(A) A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) A declaratory judgment that Defendant's wage practices alleged herein violate the Colorado Wage Act, C.R.S. § 8-4-101, *et seq*. and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1.

(C) An Order for injunctive relief ordering Defendant to comply with the FLSA, CWA and CMWO and end all of the illegal wage practices alleged herein;

(D) Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E) Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the CWA and CMWO claims set forth herein;

(F) Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably

calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H)  Designating Lead Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I)  Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J)  Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K)  Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff and the Rule 23 class members are lawfully entitled under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1.

(L)  An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(M)  Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA, CWA and CMWO; and

(N)  Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(O)  Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the

Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

                                        RESPECTFULLY SUBMITTED,

Dated:                                 By:   s/ *Jason T. Brown*
                                                 Jason T. Brown
                                                 Nicholas R. Conlon
                                                 Ching-Yuan ("Tony") Teng (pending admission application)
                                                 **JTB LAW GROUP, LLC**
                                                 155 2nd St., Suite 4
                                                 Jersey City, NJ 07302
                                                 T: (877) 561-0000
                                                 F: (855) 582-5297
                                                 jtb@jtblawgroup.com
                                                 nicholasconlon@jtblawgroup.com
                                                 tonyteng@jtblawgroup.com

                                                 *Attorneys for Plaintiff*